# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Jamal Artherio Miller Sr. ,

Inmate ID Number: 132314 ,

*(Write your full name and inmate ID number.)*

**v.**

"See attached" ,

_____ ,

_____ ,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Case No.:** 4:23cv 529-WS/MAF

*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ **YES**  ☐ **NO**

PROVIDED BY
LIBERTY CI

DEC 1 3 2023     J.A.M.

FOR MAILING

FILED USDC FLND TL
DEC 18 '23 PM3:29

# I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: Jamul Artherio Miller Sr. ID Number: 132314

List all other names by which you have been known: N/A

Current Institution: Liberty Correctional Institution

Address: 11064 N.W. Dempsey Barron Road.

Bristol, Florida 32321

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: Centurion

   Official Position: Health Provider, Health Care Provider

   Employed at: Florida Department of Corrections

   Mailing Address: N/A

   ☑ Sued in Individual Capacity         ☑ Sued in Official Capacity

2. Defendant's Name: Gilbert Noe

Official Position: Physician

Employed at: Centurion Health Care

Mailing Address: Charlotte Correctional Institution 33123 Oil Well

Road, • Punta Gorda, FL 33955

☑ Sued in Individual Capacity ☑ Sued in Official Capacity

3. Defendant's Name: Paul A. Aiello

Official Position: Physician

Employed at: Trident Care Imaging

Mailing Address: South East Region, 4400 140TH AVE

Clearwater, FL 33760

☑ Sued in Individual Capacity ☑ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)* ✳ See page 3(b) (1)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

# I. PARTIES TO THIS COMPLAINT (continuation) FROM PAGE 3

4). Defendant's Name : A. Acosta Martinez

   Official Position : Regional Medical Director

   Employed at : Centurion (Health Care)

   Mailing Address : N/A

   ☑ Sued in Individual Capacity   ☑ Sued in Official Capacity

5). Defendant's Name : Alvia I, Varona

   Official Position : Regional Medical Director

   Employed at : Centurion (Health Care)

   Mailing Address : N/A

   ☑ Sued in Individual Capacity   ☑ Sued in Official Capacity

(page 3(b)(1))
(of 4)

## I. PARTIES TO THIS COMPLAINT (continuation) FROM PAGE 3 (b) (1)

6). Defendant's Name : Larry Keen

   Official Position : Deputy Warden

   Employed at       : Florida Department of Corrections

   Mailing Address  : Taylor Correctional Institution  8501
                      Hampton Springs Road, Perry, FL
                      32348

   ☑ Sued in Individual Capacity   ☑ Sued in Official Capacity

7). Defendant's Name : Michelle Schouest

   Official Position : IISC

   Employed at       : Bureau of Inmate Grievance Appeal

   Mailing Address : 501 South Calhoun Street, Tallahassee,
                     FL 32399

   ☑ Sued in Individual Capacity   ☑ Sued in Official Capacity

(page 3 (b) (2) of 4)

I. PARTIES TO THIS COMPLAINT (Continuation)
FROM PAGE 3
(b) (2)

8). Defendant's Name: T. Bowden

Official Position : Warden

Employed at       : Florida Department of Corrections

Mailing Address  : Charlotte Correctional Institution,
                    33123 Oil Well Road, Punta Gorda, FL
                    33955
☑ Sued in Individual Capacity   ☑ Sued in Official Capacity

9). Defendant's Name : J. Dawson

Official Position : Assistant Warden of Programs

Employed at       : Florida Department of Corrections

Mailing Address  : Charlotte Correctional Institution,
                    33123 Oil Well Road, Punta Gorda, FL
                    33955
☑ Sued in Individual Capacity   ☑ Sued in Official Capacity

(Page 3 (b) (3)
       of
       4)

# I. PARTIES TO THIS COMPLAINT (CONTINUATION FROM PAGE 3) (b)(3)

10). Defendant's Name: D. Snider

Official Position: Warden

Employed at : Florida Department of Corrections

Mailing Address : Taylor Correctional Institution 8501
Hampton Springs Road, · Perry, FL
32348

☑ Sued in Individual Capacity   ☑ Sued in Official Capacity


11). Defendant's Name: John Doe

Official Position: Deputy Warden

Employed at : Florida Department of Corrections

Mailing Address : Liberty Correctional Institution
11064 N.W Dempsey Barron Road,
Bristol, FL   32321

☑ Sued in Individual Capacity   ☑ Sued in Official Capacity


(page 3 (b) (4) of 4)

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)       ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee                    ☐ Civilly Committed Detainee

☑ Convicted State Prisoner             ☐ Convicted Federal Prisoner

☐ Immigration Detainee                 ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1). On July 2, 2018 plaintiff submitted a sickcall at Okaloosa Correctional Institution for "pains on his right side," jaundice of the skin, and abnormal flat-shaped stool.

2). On July 4, 2018 plaintiff was accessed at Okaloosa C.I. medical facility by registered nurse defendant P. Hamilton, who is responsible for forwarding all serious medical complaints to the medical director for further review. Yet, defendant P. Hamilton failed to foward plaintiff's complaint to the medical director.

3). On January 4, 2019 plaintiff submitted another sickcall at Okaloosa C.I. for same ongoing issue.

4). On January 6, 2019 plaintiff was seen at Okaloosa C.I. medical facility by registered nurse defendant M. Scott, who is

**Statement of Facts Continued** (*Page 6b(1) of 6 b(3)*)

responsible for fowarding all serious medical complaints to the medical director for further review. Per (DC4-683C form) defendant M. Scott advised plaintiff that there was nothing wrong with his liver. Therefore, the seriousness of plaintiff's medical complaint was never forwarded to the medical director for further review.

<u>Century Correctional Institution</u>

5). On October 7, 2019 plaintiff submitted another sickcall for same ongoing liver complications where, registered nurse defendant S. Potter erroneously refused to see plaintiff. Plaintiff grieved this issue.

<u>Charlotte Correctional Institution</u>

6). On October 1, 2020 plaintiff submitted sickcall for same on going liver complications.

7). On October 5, 2020 plaintiff was seen by (LPN) defendant V. Miller, who is responsible for forwarding all serious medical complaints to the medical director for further review. Yet, (See page 6(b)(2) of 3)

## STATEMENT OF FACTS

defendant V. Miller failed to forward plaintiff's complaint to the medical director for further review.

8). On October 25, 2020 plaintiff submitted another sick call for same on going issue.

9). On October 28, 2020 plaintiff was seen by John/Jane Doe, who is responsible for forwarding all serious medical complaints to the medical director for further review. Yet, defendant John/Jane Doe failed to forward plaintiff's complaint to the medical director.

10). A short while later, the same year, plaintiff started to experience hypertension, dizzyness and disorientation where he fainted and fell onto the floor. Plaintiff was taken for his confinement cell and placed in a wheel chair where, he was wheeled to Charlotte C.I. medical facility. And only then, were plaintiff's demands met where, medical scheduled him to have an ultrasound performed on his liver.

11). On January 13, 2021 plaintiff's ultrasound results revealed that plaintiff has a "diffuse hepatic steatotis," a (fatty liver). Medical director defendant Gilbert Noe was the interpreter.

12). Without ever ordering a liver biopsy to determine the cause of plaintiff's "diffuse hepatic steatotis," defendant Gilbert Noe informed the plaintiff that he did not have any strand of hepatitis and plaintiff's medical condition is hereititary, and therefore, there is nothing he can do, Plaintiff grieved and

(page 6 (b)(1)
of 3

# STATEMENT OF FACTS

exhausted this issue.

13). On February 11, 2021 plaintiff filed grievance demanding his diet be changed to a green-leafy-diet that's consistant with the diet used for treating someone with a "fatty liver." Respondant medical director defendant Gilbert Noe informed plaintiff that he did not qualify for a special diet. Therefore, plaintiff's appeal was denied without action. This issue was grieved and exhausted.

## Taylor Correctional Institution

14). On October 1, 2021 plaintiff filed grievance for same on going liver complications. Respondant's Regional Medical Director defendants Alvia Varona-Cantellops, Warden Larry Keen, Warden T. Bowden, and Michelle Schovest all denied plaintiff's appeal. This issue was grieved and exhausted.

15). From June of 2021 thru December of 2021, plaintiff grieved and exhausted the on going uninterrupted ~~denied~~ denial of his serious medical need, with all negative results.

## Liberty Correctional Institution

16). Since 2022 to the present date plaintiff have submitted numerous sickcalls, grieved and exhausted the on going uninterrupted denial of his serious medical need, with all negative results.

17). On information and belief, with respect to all

(page 6 (b)(2) of 3)

## STATEMENT OF FACTS

Correctional institutions within Florida Department of Corrections, when a prisoner files a grievance, the grievance staff calls the matter to the attention of those individuals responsible for the matter that the grievance concerns.

18). On information and belief, I have not (plaintiff) been provided with necessary follow-up treatment because there is an informal policy at Centurion, the health care provider, to provide low priority to the needs of inmates and of refusing to provide inmates who have costly medical conditions, with treatment, in order to avoid costs.

19). As a direct result, plaintiff have been forced to langish years without treatment.

20). Plaintiff's symptoms have worsened to the level of expriencing frequent hypertension and constant low blood pressure, nerves problems, jaundice of the skin, abnormal-shaped and smelly stool, nausea, disorientation, dizzyness, shortness of breath, various internal pains, etc.

21). On information and belief, plaintiff is in imminent danger of dying.

(page 6 (b)(3)
of 3)

# DENIAL OF MEDICAL CARE

## Okaloosa Correctional Institution

1). On July 2, 2018 plaintiff submitted a sickcall for "pains on his right side," jaundice of the skin, and abnormal flat-shaped stool, namely "liver failure."

2). On July 4, 2018 plaintiff was accessed by register nurse defendant P. Hamilton, who is responsible for forwarding all serious medical complaints to the medical director for further observation. Yet, defendant P. Hamilton failed to foward plaintiff's complaint to the medical director.

3). On January 4, 2019 plaintiff submitted another sickcall for same on going issue, liver complications.

4). On January 6, 2019 plaintiff was seen by registered nurse defendant M. Scott, who is responsible for forwarding all serious medical complaints to the medical director for further observation. Per (DC4-683C form) defendant M. Scott advised plaintiff that there was nothing wrong with his liver. Therefore, the seriousness of plaintiff's medical condition was never forwarded to the medical director for further review.

## Century Correctional Institution

5). On October 7, 2019 plaintiff submitted another sickcall for same on going liver complications where, registered nurse defendant S. Potter erroneously refused to see plaintiff. Plaintiff grieved this issue.

## Charlotte Correctional Institution

6). October 1, 2020 plaintiff submitted sickcall for same on going liver complications.

7). October 5, 2020 plaintiff was seen by (LPN) defendant V. Miller, who is responsible for forwarding all serious medical complaints to the medical director for further review.

8). October 25, 2020 plaintiff submitted another sickcall for same on going issue.

9). October 28, 2020 plaintiff was seen by John/Jane Doe, who is responsible forwarding all serious medical complaints to the medical director for further review.

10). On information and belief, plaintiff's medical complaint was forwarded to the medical director, at some point, whereas an ultrasound was ordered and conducted. after plaintiff fainted.

11). On January 13, 2021 plaintiff ultrasound results revealed that plaintiff has a "diffuse hepatic steatotis" (fatty liver). Medical director defendant Gilbert Noe was the interpreter. Without ever ordering a liver biopsy to determine the cause of plaintiff's "diffuse hepatic steatotis" defendant Gilbert Noe informed the plaintiff that he did not have any strand of hepatitis and plaintiff's medical condition was hereitary, and therefore, untreatable. Thus, he would investigate no further. Plaintiff grieved and exhausted this issue.

~~Taylor Correctional Institution~~

12). On Feburary 11, 2021 plaintiff filed grievance demanding

page 6 (C)(2)
of
5

his diet to be changed to a green-leafy-diet that's consistant with the diet used for treating someone with liver failure. Respondant medical director defendant Gilbert Noe informed plaintiff that he did not qualify for a special diet. Therefore, plaintiff's grievance was denied without action. This issue was grieved on exhausted.

## Taylor Correctional Institution

13). From June of 2021 thru July of 2021, plaintiff grieved and exhausted the on going uninterrupted denial of his serious medical need.

## Liberty Correctional Institution

14). Since my arrival at Liberty Correctional Institution on November 30, 2021 plaintiff have submitted numerous sickcalls, grieved and exhausted the on going uninterrupted denial of his serious medical need, with all negative results.

15). On information and belief, with respect to all correctional institutions within the Florida Department of Corrections, when a prisoner files a grievance, in regards to each correctional institution listed herein, the grievance staff calls the matter to the attention of those individuals responsible for the matter that the grievance concerns.

16). On information and belief, I have not been provided with necessary follow-up treatment because there is an informal policy at Centurion, the health care provider, to provide low priority to the needs of inmates and of refusing to provide inmates who have costly medical conditions, with treatment, in order to avoid costs.

page 6 (C) (3)
of
5

17). As a direct result, I've been forced to langish years without treatment.

18). On information and belief, I am in imminent danger of dying. My symptoms have worsened to the level of expriencing frequent hypertensions and constant low blood pressure, abnormal-shaped stool, nausea, disorentation, dizzyness, shortness of breath, various internal pains, etc.

19). Medical services to accomodate my medical condition are not provided in prison; prisoners need such services must be taken to an outside facility.

20). Defendant Jane Doe/John Doe is the Medical Physician at Liberty Correctional Institution and is responsible for prescribing prisoners to see outside medical specialists, etc, for treatment.

21). Defendant Jane Doe/John Doe is the Medical Administrator at Liberty Correctional Institution and is responsible for scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluation.

22). Defendant John Doe/Jane Doe is the Deputy Warden for Administration at Liberty Correctional Institution and is in charge of transportation of prisoners to medical appointments.

23). Together, these defendants have the responsibility for providing the plaintiff the necessary medical care as well as the ability to arrange it.

24). Plaintiff is suffering irreparable harm in the form of continued physical and mental pain and suffering and an increasing risk that his liver deterioration will never be restored to it's full usefulness, resulting in death.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

25). The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

Page 6 (C) (5) of 5

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

26). The failure of defendants Centurion (Health Care Provider), Regional Medical Directors, A. Acosta Martinez and Alvia l. Varona, Interpreting Physicians: Gilbert Noe and Paul A. Aiello; Wardens: J. Dawson (AWP) and D. Snider, Deputy Warden John Doe at Liberty Correctional Institution, (continued on page 6(d)(l))

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

A). Issue a preliminary injunction relief stating that plaintiff is presently being denied medical treatment by prison officials and Centurion (prison health care provider). In January 2021 plaintiff's ultrasound results revealed that he has a " diffuse hepatic steatosis " (see page 7(b))

# V.  STATEMENT OF CLAIMS

Larry Keen, T, Bowden, and Michelle Schuvest (Bureau of Inmate Grievance Appeal respondant), Medical Administrators at Liberty, Taylor, and Charlotte Correctional Institutions, without need or provocation, to provide follow-up examination and treatment to satisfy plaintiff's documented medical condition of "diffuse hepatic steatotis," constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

27). The actions of defendants Centurion (Health Care Provider), Regional Medical Directors, A. Acosta Martinez and Alvia I, Varona, Interpreting Physicians, Gilbert Noe and Paul A. Aiello, Wardens, J. Dawson (AWP) and D. Snider, Deputy Warden John Doe at Liberty Correctional Institution, Larry Keen and T. Bowden, Michelle Schuvest (Bureau of Inmate Grievance Appeal respondant), Medical Administrators at Liberty, Taylor, and Charlotte Correctional Institutions, without need or provocation, to provide follow-up examination and treatment to satisfy plaintiff's documented medical condition of "diffuse hepatic steatotis," constitutes a form of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

28). The actions of defendants Centurion (Health Care Provider), Regional Medical Directors, A. Acosta Martinez and Alvia I, Varona, Interpreting Physicians, Gilbert Noe and Paul A. Aiello, Wardens, J. Dawson (AWP) and D. Snider, Deputy Warden John Doe at Liberty Correctional Institution, Larry Keen and T. Bowden, Michelle Schuvest (Bureau of Inmate Grievance Appeal respondant), Medical Administrators at Liberty, Taylor, and Charlotte Correctional Institutions, without

## V. STATEMENT OF CLAIMS

need or provocation, in forcing plaintiff to langish years without treatment, constitutes a form of physical and mental harm, cruel and unusual punishment.

# VI.  RELIEF REQUESTED (CONTINUATION FROM PAGE 7)

The defendants did not provide plaintiff with a consultation with a liver specialist qualified to assess and treat his condition. Plaintiff has been forced to langish years without treatment. He is in imminent danger of dying. Defendants Warden of Liberty Correctional Institution and Centurion health care provider and it's staff or representative, shall arrange for the plaintiff to be examined by a qualified liver specialist and to obtain from that specialist an evaluation of the condition of plaintiff's liver and a prescription for a course of adequate liver care treatment that will restore and maintain the full function of plaintiff's liver, saving his life. Effective immediately.

B). Issue a declaratory judgement stating that:

1). The defendant's ~~judgement~~ failure to take action in their unwillingness to treat plaintiff's medical condition violated plaintiff's rights under the Eight Amendment of the United States Constitution.

2). The defendant's failure to take ~~care~~ action to perform follow-up care concerning plaintiff's documented medical condition violated plaintiff's rights under the Eight Amendment of the United States Constitution.

3). The defendant's failure to take action forcing plaintiff to langish years without ~~treatment~~ proper medical treatment caused plaintiff physical harm.

4). Plaintiff needs immediate adequate medical attention.

(page 7(b)(1) of 2)

# VI. RELIEF REQUESTED (CONTINUATION FROM (7 (b) (1))

C). Award Compensatory Damages In The Following Amount:

    i). $1,500,000.00 (one million, five hundred thousand) Jointly and severally against defendants for the physical harm sustained as a direct result of forcing plaintiff to languish years without proper medical treatment.

D). Award Punitive Damages In The Following Amount:

    l). $200,000.00 (two hundred thousand) against each defendant for violating plaintiff's Eight Amendment right under the United States Constitution, with respect to deliberate indifference and equal protection of the law

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*  If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☐ YES   ☑NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date: ___N/A___ Case #: ___N/A___

   Court: ___N/A___

   Reason: ___N/A___

2. Date: ___N/A___ Case #: ___N/A___

   Court: ___N/A___

   Reason: ___N/A___

3. Date: ___N/A___ Case #: ___N/A___

   Court: ___N/A___

   Reason: ___N/A___

*(If necessary, list additional cases on an attached page)*

B.  Have you filed other lawsuits or appeals in *state or federal court* dealing

with the same facts or issue involved in this case?

□ YES ☑ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1.  Case #:____N/A_____Parties:_____N/A_____

    Court:_____N/A_____Judge:_____N/A_____

    Date Filed:___N/A____Dismissal Date (*if not pending*):____N/A____

    Reason:_____N/A_____

2.  Case #:____N/A_____Parties:_____N/A_____

    Court:_____N/A_____Judge:_____N/A_____

    Date Filed:___N/A____Dismissal Date (*if not pending*):____N/A____

    Reason:_____N/A_____

    *(If necessary, list additional cases on an attached page)*

C.  Have you filed any other lawsuit, habeas corpus petition, or appeal in

*state or federal court* either challenging your conviction or relating to

the conditions of your confinement?.

☑ YES   □ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #:3:23-cv-00501-BJD-MGB Parties: Jamal Miller V. State of Florida

   Court:U.5 Middle District of Fl Judge: Monte C. Richardson

   Date Filed: 7-21-2023 Dismissal Date (*if not pending*): still pending

   Reason: Petition for Writ of Habeas Corpus 28 U.S.C. §2254

2. Case #: 1D18-4090 Parties: Jamal Miller v. State of Florida

   Court: ~~Duval County 4TH Circuit~~ 1st District Court of Appeal Judge: I don't remember

   Date Filed: 2018 Dismissal Date (*if not pending*): Don't remember

   Reason: Appealing prior conviction for battery

3. Case #: 23-0296 > 1D22-3211 > same case Parties: Jamal Miller v. State of Florida

   Court: 5TH DCA Circuit Court Judge Mark Borello Judge: Lambert, C.J, Evander § Harris, J.J.

   Date Filed: 2022 Dismissal Date (*if not pending*): 2-21-2023

   Reason: 3.800 (A) Illegal Sentence

4. Case #: 20-1778 Parties: Jamal Miller v. State of Florida

   Court: 1 DCA Judge: Don't remember

   Date Filed: 6-5-2020 Dismissal Date (*if not pending*): 4-13-2021

   Reason: Petition Alleging Ineffective Assistance of Appellate Counsel

5. Case #: SC20-167 Parties: Jamal Miller v. State of Florida

   Court: Florida Supreme Judge: N/A

   Date Filed: 2020 Dismissal Date (*if not pending*): 2-4-2020

   Reason: Appealing Petition Alleging Ineffective Assistance of Appellate Counsel

   (CONTINUED ◄▬▬)

6. Case #: _22-0565_ Parties: _Jamal Miller v. State of Florida_

Court: _1ˢᵗ DCA_ Judge: _N/A_

Date Filed: _N/A_ Dismissal Date (*if not pending*): _N/A_

Reason: _N/A_

(***Attach additional pages as necessary to list all cases.***)   See page 12 (b)

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

7). Case #: <u>18-0249</u>        Parties: <u>Jamal Miller v. State of Florida</u>

Court: <u>1st DCA</u>        Judge: <u>Don't remember</u>

Date Filed: <u>Feburary 2019</u>   Dismissal Date: <u>November 2019</u>

Reason: <u>Direct Appeal</u>


8). Case #: <u>1D17-5323</u>        Parties: <u>Jamal Miller v. State of Florida</u>

Court: <u>1DCA</u>        Judge: <u>John Doe</u>

Date Filed: <u>Don't rembember</u>   Dismissal Date: <u>Don't remember</u>

<u>Reason</u>: Appeal


page   12(b)

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 12-13-23 Plaintiff's Signature: *Jamal Miller Sr. 23*

Printed Name of Plaintiff: Jamal A. Miller

Correctional Institution: Liberty

Address: 11064 N.W. Dempsey Barron Road.

Bristol, Florida 32321

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☒ delivered to prison officials for mailing or ☑ deposited in the prison's mail system for mailing on the 13th day of December, 2023.**

Signature of Incarcerated Plaintiff: *Jamal Miller Sr. 23*

Jamal Miller Sr. DC#132314

Liberty Correctional Institution

11064 N.W. Dempsey Barron Road.

Bristol, Florida 32321

LIBERTY

Clerk, U.S.

111 N. Adams

Tallahassee, F

32301 - 7737

Legal and/or Privileged Mail
Mailed From
Liberty Correctional Institution

MAILED FROM
LIBERTY CORRECTIONAL INSTITUTION



US POSTAGE PITNEY BOWES

ZIP 32321  $ 002.79⁰
02 4W
0000375313 DEC 13 2023

DEC 1 8 2023

k, U.S, District Court

V, Adams Street

hassee, Florida

01- 7730