# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMAL ARTHERIO MILLER, SR.,**
**D.O.C. #1323142027,**

    **Plaintiff,**

vs.                                        Case No. 4:23cv529-WS-MAF

**CENTURION, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, recently filed a first amended complaint, ECF No. 7, a proposed summons, ECF No. 8, a motion for a preliminary injunction, ECF No. 9, a declaration in support of that motion, ECF No. 10, and a memorandum of law, ECF No. 11. After review, an Order was entered, ECF No. 12, advising Plaintiff that his handwritten summons was not appropriate, and his amended complaint, ECF No. 7, was insufficient. Plaintiff was been directed to file a second amended complaint by April 15, 2024, if he wants to proceed with this case. ECF No. 12.

The prior Order, ECF No. 12, did not address Plaintiff's motion for preliminary injunction, ECF No. 9. This Report and Recommendation does so.

First, Plaintiff's amended complaint has been reviewed. ECF No. 7. Plaintiff claims that in April 2018, he "was found to be reactive for Hep. B Surf. AB," and said that by July 2018, he had jaundice, pain, and abnormal stool. *Id.* at 15. He said he received no treatment. *Id.* at 16. He continued to make complaints in 2019 and 2020, and indicated that in September 2020, he "was given Hep. A vaccine."[1] *Id.* at 17. Nevertheless, he continued to submit sick call requests for "on going liver complications." *Id.*

After having blood in his urine in December 2020, an ultrasound revealed "diffuse hepatic steatosis," otherwise and more commonly known as "fatty liver" disease. *Id.* at 18, 21, and 57. Importantly, Plaintiff was informed that he did not "have any strand of hepatitis." *Id.* at 18. He sought a special "green-leafy-diet" but that request was denied. *Id.* at 21-22. Plaintiff alleges his symptoms have worsened, but he is denied

---

[1] Review of Plaintiff's attached medical records indicates Plaintiff was diagnosed with Hepatitis B in 2014. ECF No. 7 at 62, 64, 68, and 70.

treatment.  *Id.* at 23.  As relief, he seeks injunctive relief, declaratory relief, compensatory damages, and punitive damages.  *Id.* at 25, 28-29.

The motion for preliminary injunction contends that the liver can be destroyed in a progressive manner.  ECF No. 9 at 2.  He contends that medical staff are aware of his serious medical need, yet refuse to provide treatment.  *Id.* at 2.  Thus, Plaintiff seeks an Order from this Court which will required Defendants to file his complete medical record in this case, transfer him to an "adequate medical treatment facility" for a full and in depth diagnosis, and provide "needed treatment."  *Id.* at 3.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest. Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

In this case, the Court's analysis need go no further than the first element - a substantial likelihood of success on the merits. Plaintiff's amended complaint was insufficient to state a claim and Plaintiff was directed to submit an amended complaint. ECF No. 12. When a complaint is insufficient on its face, a plaintiff cannot demonstrate a "substantial likelihood of success." Therefore, Plaintiff has not demonstrated his entitlement to a preliminary injunction and the motion should be denied.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 9, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 28, 2024.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**